The issue in this case is whether or not the district court violated the defendant's double jeopardy rights when he set aside or vacated a plea of guilty after it had already been entered and accepted by the court. Counsel? Yes. Help me with a preliminary question. There can't be double jeopardy until the first jeopardy has concluded. Because the district court vacated the plea before sentencing and judgment, I don't understand why there are two jeopardies. It looks like just a continuation of the first time he was put in jeopardy. What am I missing there? Well, there's case law in this circuit that once the court accepts the plea of guilty, as was done in this case, that jeopardy has attached. The court cannot set aside that guilty plea and then require the defendant to either be tried or plead again or enter into a new plea agreement. And that's exactly what happened in this instance, is he had entered into it. Don't we have a case, Valenzuela-Arisketa, that says rejecting a guilty plea, having already accepted it, does not terminate jeopardy, provided a defendant retains his rights? I'm familiar with the Valenzuela-Arisketa case because it was my case. But there's a difference between that case and this case. In that case, the reason the court set aside the guilty plea was because the defendant had not been properly advised of the maximum penalties in his case. It was a 1326 case, a legal reentry case. He had been told that he had not been properly advised. Why should that distinction make a difference? Well, because in this instance, the defendant, the plea of guilty was a valid plea. The purpose, the purpose of the Double Jeopardy Clause is not to impose technicalities on the plea process. The purpose of it is to prevent the government from coming after somebody twice when they didn't get what they wanted out of his hide the first time. It also has the purpose of preventing a person from standing in front of a jury twice when the government lost the first time. Those purposes don't seem to apply here, and the decision, and because of that, even though I see your distinction with Fallon's Whale Ariscata, I don't see why the distinction makes a difference. Well, I think it makes a difference for this reason. This defendant had entered into a plea, a guilty plea, pursuant to a plea agreement. And it provides a reason to say that. It was all messed up. Am I remembering the right case? He pleaded to some things he didn't do and wrong counts, charging some other person. There was improper grasping. Everybody was sloppy about the paperwork, and then when they discovered it, the judge wiped it out and gave him a chance to start over. He could plea, he could go to trial, he could do whatever he wanted. That's correct, Your Honor. What happened was that there was a plea agreement that had some drafting errors in it. When the defendant was brought back, the court sui sponte vacated the plea of guilty and ordered the parties to go back to the magistrate and renegotiate. So in your view, what should the court have done after discovering that the plea agreement was erroneous and listed counts that were not applicable to the defendant? What should the court have done, in your view, to avoid the double jeopardy concern? I think the court probably should have corrected it as a clerical error and indicate that the reference in the plea agreements was to the wrong counts. And in fact, one of the pleas, or at least during the change of plea, it appears that the court was requiring him to plead to something that he didn't do, that he wasn't even charged with in one of the counts. And so what the court should have done is say, look, I read this as saying that this defendant is pleading guilty to hostage-taking with the use of a firearm, and that's what he has admitted, he has pleaded to, and that's what's contemplated. So you're saying that if a person pleads to count 6, which charges somebody else, the judge should not vacate his plea to count 6 and give him a chance to plead or not to count 7, which charges him. These numbers are hypothetical. Instead, the judge should say, I know you said you were pleading in count 6, but that was a clerical error, what it said in the agreement and what you said in open court. I am going to deem you to have pleaded guilty to count 7. Do you think that's a fair way to go? I think it's appropriate to present it to the defendant and then have the defendant make the choice of whether or not he wants to vacate his plea so that he can enter into a correct plea. I don't think it's up to the court to simply say, this is what I'm going to do, and you're going to have to plead again, whether you want to or not. Well, here's my problem with that scenario under this sort of peculiar set of facts, is he pleads to something he wasn't charged with. So how did the court have jurisdiction even to accept a plea to something he wasn't charged with? I mean, if you take in this case, if things had stopped at the entry of the first plea and you were up here, you said, look, he wasn't even indicted with that, he can't plead guilty, we'd have to say you vacate the plea. Well, because he pleaded actually to something that he did count, that he was charged with, he pleaded guilty to hostage taking. Yes, he won, and then he pleaded guilty to something he didn't do or wasn't charged with. Well, that certainly would have been a nullity. I don't think he could have been punished for that, and it could have been raised as possibly a challenge to any effort to by the court to sentence him. But once he is pleaded to something with which he is charged and he has admitted the essential facts and elements of that offense, and the court has accepted that plea, it seems to me that, as this Court has said, jeopardy has attached. But it comes as a package. You can't say he pled properly to one count and pled improperly to a different count and, therefore, the plea is good. I mean, the plea is a package deal, and the court has to accept the entire plea agreement. That's where I think the record is a bit unclear, I will tell the Court. He certainly was not pleaded with or was not charged with possessing a firearm during the commission of an offense or with using a firearm during the commission of this offense. I'm not quite sure – I wasn't counsel at that time, and I'm not quite sure exactly what – why that language was in there. If you look at the change of plea proceeding, it appears that the defendant is being required to plead guilty to hostage-taking, and that's the inquiry. Because at one point he – the court tells him pretty much, do you want to chant at this plea agreement, and if you do, you're going to have to admit these charges. And that's when the defendant says, well, all right, fine. It's not until later, and I will tell the Court, I don't think that there was ever any contemplation that he was supposed to plead to a gun charge, because there wasn't any such case. To me, you're making the argument for the court to nullify everything and start over, to have a clean record, because the court, I'm sure, was concerned that the defendant is pleading guilty to, so that when it's time for sentencing, everyone will be on the same page in terms of the charges. I agree that it would have been better to have a cleaner record, but I think it's up to the defendant to say, look, I want to make sure that my plea agreement is very clear. I don't think it's up to the court to simply say, this is very confusing, I'm going to set the whole thing aside, and you're going to have to plead again. Well, the court has to actually accept the guilty plea, adjudicate guilt, and pronounce sentence. So I don't think it's accurate to say as a matter of law that the defendant drives the process. No. But at least with regard to the attachment of Jeopardy, it's up to the defendant to waive his right to double Jeopardy. If he wants to go ahead and say, okay, fine, set it aside, let's start all over, let's get a clean plea, and let's do it. In this instance, that's the opportunity wasn't presented to them. Well, we're on plain error review at this point, because no objection, double Jeopardy objection was made at the time when the district court made the decision. So how does that affect your argument? Well, as I point out in the briefs, there are some of these errors which are fundamental, and we think it's plain error when it is apparent that the court didn't have any I suspect out of frustration. Also because the system had completely broken down. You have a plea agreement that references the wrong count. You have a plea agreement that he's pleading guilty to something with which he wasn't charged. It somehow got by the government, it got by defense counsel, it got by the magistrate judge. I mean, if I'm sitting there in the courtroom as a district judge, I have serious doubts about whether this was a knowing and voluntary plea, wouldn't you say? No, because I think if you look at the first change of plea, it seems apparent that what he's pleading to is hostage taking in which a gun was used, and I think that's very obvious. The gun count, there is obviously errors in the plea, but it doesn't seem to me that that by itself would invalidate the plea in that it's not knowing or intelligent. He seems to know exactly what's going on. In fact, at some points, it appears that he's even – there's some argument between the defendant and the court about whether he wants to admit that he knew that somebody else had a gun, his co-defendant had a gun, and his co-defendant was the one that was charged in the other count. Roberts, absolutely. Let me give you a hypothetical to make sure I understand your argument. Imagine a hypothetical indictment. Count 1 charges John Doe with bank robbery with a note. Count 2 charges Richard Rowe with bank robbery with a gun. Richard Rowe comes into court for his guilty plea, and because nobody's reading the words on the paper and they're all kind of careless, he pleads guilty to Count 1, which charges John Doe with bank robbery with a note. And everything goes down. It's fine. The plea is accepted. He goes back to jail. Everybody goes back to their offices and chambers. And then somebody realizes a few weeks later, hey, Richard Rowe didn't do a bank robbery with a note. He pleaded guilty to bank robbery with a note in Count – as it states in Count 1, except Count 1 doesn't even accuse him of anything. I think what you're telling us is that the judge should not violate Richard Rowe's plea to account to charge something else with something different from what Richard Rowe did. It shouldn't vacate the plea. Instead, it should – and I'm not sure what words it would use – treat him as though he had pleaded guilty to Count 2, charging Richard Rowe with bank robbery with a gun, but hold on to the sentence that would be appropriate for John Doe, bank robbery with a gun, or bank robbery with a note. Do I understand your argument right? And if so, why does that make any sense? Well, the reason it makes sense is this. First of all, you're going to be looking at the factual basis for the change of plea. And it's not going to be John Doe who is pleading guilty. It's Richard Rowe who is saying that he wanted to do it. Oh, it depends. What some judges do – I used to like to do this when I was a district judge. I'd have the clerk swear in the defendant and have him stand up, and then I'd just say, what did he do relative to these charges? But what a lot of judges do, probably a majority, is they swear him in and then they have the prosecutor say, what's he accused of? And they ask the defendant, did you do that, and he says, yes. So you don't get all these mistakes exposed. Well, that's not what happened here. It was the judge who was asking about the factual basis. And as I say, he's – the defendant certainly admitted hostage taking, an offense with which he was charged, and he admitted all the factual elements to that. With regard to the gun, the gun count, which he was not charged with, there's obviously some reluctance by the defendant to admit to that. And what he admits, essentially, is that he learned, after reviewing the disclosure, that, in fact, his co-defendant had used a gun. Okay. Get back to my hypo. Get back to my hypothetical about John Doe, the bank robber with a note, and Richard Rowe, the bank robber with a gun, who pleads to John Doe's count. What is the judge supposed to do, in your opinion? I think the judge has got to explain to the defendant the confusion and the error if it was. And? Leave it up to the defendant or tell the defendant, this is what I'm saying. Leave it up to the defendant. You mean, the judge should say to the defendant, if you want to plead guilty to count 1, which charges a different guy with a different crime, fine. No, not like that. I think you've got to explain to the defendant that there is a problem with the plea agreement and leave it up to him whether he wants to correct it or whether he wants to. What do you mean, correct it?  Well, you ask him whether he understands that he should correct it. He says, no, no, I didn't rob a bank with a note. Now what does the judge do? And he says, I want to correct it. What does the judge do? Well, he says, you can either do that or you can go to trial on it. On bank robbery with a note? On bank robbery with a note. But he's not even accused of bank robbery with a note. He's accused of bank robbery with a gun, in my hypo. I, I. Why would he go to trial on something that doesn't charge him with anything? Well, assuming you have a rational defendant, he's going to understand, I think, that he, he can't be convicted of that, but he can be, you can set aside the entire verdict, I suppose, but it's going to be up to the defendant and, and tell the defendant, look, you, you, this is what you pleaded to, this is what you're charged with, I can sentence you for hostage taking or bank robbery with a note, even though that's not what you've done, unless you have. How could a judge say that? How could a judge say, I can sentence you for something you didn't do? You didn't get charged with. That you didn't get charged with? If the indictment doesn't charge, you're saying that a judge can sentence someone for a crime that was not charged in an indictment? I'm saying that's what happened in this instance, that, that he was, he pleaded guilty to something essentially which wasn't, he wasn't even charged with. That would really be plain error if a judge sentenced a defendant to, to, to, after finding him guilty of a crime that he didn't, wasn't even charged with. That would, that would be more plain error than anything that happened in this case. I, I agree, and perhaps I worded it inartfully, but the fact of the matter is that the defendant essentially came in there to plead guilty to hostage taking, and he was charged with that, he pleaded to that, made those admissions, and it was accepted by the court. It's not the situation where the court's going to say, because you've also pleaded guilty to a gun count, I'm going to sentence you to a gun count. I think that, you're right, that would have been plain error. It could not happen. It would, it wouldn't survive. But in this instance, the defendant entered a plea pursuant to a plea agreement where he's trying to get a range that is favorable to him, and the, the court, after concluding that the defendant has, there's some confusion about the references to the counts, says you're going to have to plead all over again. I think if the defendant truly wants to enter into that plea, as he, he apparently did in this instance, he's going to say, all right, fine, let's, let's straighten it out. He doesn't care what he pleads to as long as he gets the sentence he wants. Pardon me? It appears he doesn't care what he pleads to as long as he gets the sentence he wants. If I ever rob a bank, I sure do want to plead to reckless driving instead, even if I didn't drive. Well, I think you still have to do the, the, you have to have a factual basis that's going to support the sentence. I don't think you can simply plead guilty regardless of what you say or regardless of what you're charged with and, and get a sentence. I think you still have other requirements of the Rule 11 that, that have to be complied with in order for the, for the plea to be valid. I've run out of time. Yes, but we'll give you a couple minutes for rebuttal. Thank you. Good morning. May it please the Court. My name is Arturo Aguilar on behalf of the United States. Now, in this case, the district court really had no choice but to vacate the plea suit of sponte. And, you know, the funny thing is, I mean, I look at our cases and Patterson says if a district court vacates a plea suit of sponte, then jeopardy is already attached. You can't do it. I mean, I, I understand the, the issue in this case and, and I sympathize with the district court, but how do you deal with Patterson? Rule 11 wasn't fully discharged in this particular case. And in the court's question. I'm sorry. I missed some words there. Rule 11 was not discharged in this case, and no different than the court's hypotheticals or co-counsel in this case. The court was given every parameter to, to know that the plea was to a different count. The indictment didn't match to the plea agreement. And it's somewhat embarrassing being my first time here in the court that I was the person who authored that plea and didn't catch the counts that was going on. So at the point, plea agreement must be accepted. We never did get to that point. Well, counsel, in your view, when does jeopardy attach in the context of a guilty plea? Jeopardy would have attached at the time the court has fully discharged Rule 11 and accepted the plea agreement. But the court did accept the plea agreement in this case. It accepted the plea of guilty. The plea agreement wasn't accepted. The timeline. Okay. So what case authority are you relying upon to support your argument that jeopardy does not attach until the plea agreement has been accepted? I would say Valenzuela v. Arascueta is in this particular case. So what's the language in there that says jeopardy does not attach until the plea agreement has been accepted as opposed to the guilty plea? I'm sorry. I didn't hear your answer to the question. What case is it you're looking at? I'm thinking, Judge, it was Valenzuela v. Arascueta. And so I'm asking you for the language in that case that supports your contention that jeopardy does not attach until the plea agreement has been accepted as opposed to the guilty plea. I take it back. That case indicates that the judge can vacate a plea agreement. Well, so I'm asking my question is, I'm trying to focus in on when did jeopardy attach. So I'm asking you what case supports your argument that jeopardy does not attach until the plea agreement has been accepted as opposed to when the guilty plea is accepted? Because if there is no plea agreement, when would jeopardy attach? If there was no plea agreement, no different than in this case, once the defendant pled unconditionally here, in my view, jeopardy attached at the time the plea agreement was discharged. Enri Vazquez is the case that talks about that, where I believe the court in that case indicated that Rule 11 was discharged at the time the plea was accepted. And unless there was any attack on the knowingly, intelligently, voluntarily the defendant entering that plea agreement. Well, here's what Patterson says. It says, Once the court accepted the plea and deferred acceptance of the plea agreement, however, the court was not free to vacate the plea on the government's motion. So isn't the critical element here the acceptance of the plea, not the agreement? Yes. Okay. So I guess I have to ask, what happened here? Because we wouldn't be here, I gather, if he had gotten the benefit of his bargain. Well. So just can you – I know it's probably outside the record, but there's this huge – there's a big screw-up. And the district court says start all over. And then, as the defendant said, I'd like to see the plea agreement in Spanish this time, which is not, you know, I have to say, is not an unreasonable request, given what had happened before. Then all of a sudden the plea agreement blows up. So what happened? Well, even if this court were to consider it, it sounds like it's going to be plainer in review. The range of sentence in the original plea was to be 135 months to 188 months. At the end of the day, when the defendant pled unconditionally to the proper count, which was count two, he was sentenced to 156 months. What was the range? 135 to 188. Both times. Both times. Okay. No. The – on the second plea agreement, the defendant pled straight up without an agreement. Right. So after that, the range of a sentence for that particular account, I believe, was 188 to 285 months. So it went up substantially. So it did up – so it did up substantially. Defense counsel here filed the motions for downward variance. There was a subsequent hearing argument. The court varied downward and gave him a sentence within the original plea agreement of 156 months, which was really right down the middle. You mean his deal the first time was for 135 to 188, he got 156. Yes, sir. And then after it was vacated, even though the range was higher, he still got 156? No. No, no. On the first time, there was no sentence. The sentence didn't carry out because the plea was vacated by the district court judge. So theoretically, if the – if the judge was inclined to depart downward, it would have been a much lower sentence because you're starting from a lower bottom of the guideline range. So if the judge was going to depart downward from 135, it could have conceivably been 120 or 110. So if the judge was inclined, based on the same facts, to depart downward, who knows? But I guess that's the problem, is the defendant was looking at a range of 135 up, and then he was looking at 150-something up, so 20 months more at risk when pleading straight up, right? When he pled straight up, the range was substantially higher. Right, right. The court took into consideration the co-defendants that were sentenced in this case, the criminal history that the co-defendants had in this particular case, particularly the person who was charged with brandishing a firearm, the story of the defendant in this particular case where he indicated he was initially brought over illegally and was, I guess, asked to do this, force was a word, but asked to participate in this offense of hostage-taking so he can lower his fee. So there were different considerations that the district court had in order to vary downward to get a sentence of 156 months. Right. So why did the plea agreement fall apart the second time? The second time, okay, so immediately after the court ---- Everybody seems to be on the same page, and then it goes down, so let's have a do-over. So let's do it. So immediately after that happened, myself and prior co-counsel immediately called the magistrate's chambers. We had the hearing, and that's part of the record. Right. Where the defendant wasn't willing to change. He wanted the plea agreement in Spanish, which wasn't entirely too unreasonable. Under the circumstances. On that next, under the circumstances, the next time we had a hearing was on Friday where we tried to do the plea agreement again, and at that time, the defendant just didn't want the plea agreement, didn't want to take that deal. And as the courts noted, he was looking forward to a specific range of sentence as opposed to pleading guilty. So when that happened, the plea was vacated, the defendant was given the options of trial date, a new change of plea date, and we started fresh from the get-go. Okay. Subsequently, a new motion for new counsel was granted, and co-counsel here was assigned the case. So that's what happened. Are there any other questions for the Court? Just tell me again, as you know from the dissents from denial, I thought Patterson correctly followed Ellis, Ellis was wrong. But since the relevant phrase there is dissent from denial, it means Patterson is still the law of the circuit. If you could write the paragraph of the disposition addressing Patterson, tell me what our disposition would say to distinguish Patterson. I think I would need some time to figure out how to write that paragraph. Well, this is your chance. This is my time. Given the fact that the defendant was pled to account that he was not charged with, he wouldn't have been able to normally and intelligently enter that plea agreement. Because a plain error standard is applicable here, the defendant has not exhibited a substantial prejudice as to the end of his sentence. So what we should do is go off on a wano plain error. There's no injustice in vacating his plea to something he wasn't charged with and accepting his plea straight up to what he was charged with. Correct. Okay. Anything further? Thank you. And we'll give you two minutes for rebuttal if you want to waive it. All right. All right. Very good. Thank you for your arguments. The case will be submitted for decision.
judges: Kleinfeld, Thomas, Rawlinson